**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| **Cindylou Fitzgerald,** | Case No.: |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.** |
| v. | |
| **January Technologies, Inc. f/k/a Debtsy, Inc.,** | |
| Defendants. | **JURY TRIAL DEMANDED** |

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

2. Cindylou Fitzgerald ("Plaintiff"), through her attorneys, brings this Complaint against January Technologies, Inc. f/k/a Debtsy, Inc. ("Defendant") for its violations of the FDCPA, 15 U.S.C. §§ 1692 et seq., for failing to validate a debt after a request in writing was sent by Plaintiff.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all of its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid these violations.

## JURISDICTION & VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this case arises from a violation of federal law, the FDCPA.

7. This Court has personal jurisdiction over Defendant because Defendant directed its unlawful collection attempts at Plaintiff, a Florida resident.

8. Venue is also proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Orange County, Florida, which is within this judicial district; (ii) the conduct complained of herein occurred

within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

9. More specifically, Defendant abusively sought to collect a debt by continuing to collect without providing validation of debt, which occurred while Plaintiff was located in Orange County.

## PARTIES & DEFINITIONS

10. Plaintiff is an individual residing in Apopka, Florida, and she is, and at all times mentioned was, a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Upon information and belief, Defendant is, and at all times mentioned herein, was a debt collection agency located in New York, New York.

12. Upon information and belief, Defendant has a principal place of business at 130 W. 25th St., #6C, New York, New York 10001.

13. According to the Florida Department of State Division of Corporations, Defendant was formerly known as Debtsy, Inc. and filed for a name change amendment to its current name on or around November 3, 2021.

14. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in "debt collection". Accordingly, Defendant is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

15. Sometime prior to April 15, 2021, Plaintiff allegedly incurred some financial obligations owed to the original creditor, Celtic Bank ("Celtic

Bank"), in the amount of $547.55 (the "Debt"). Plaintiff takes no position as to whether the debt is owed. These obligations were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another, and were therefore "debt(s)" as defined by 15 U.S.C. § 1692a(5).

16. Sometime thereafter, but before April 15, 2021, Plaintiff allegedly fell behind on the payments owed on the Debt.

17. Afterwards, the alleged Debt was allegedly assigned, placed, or otherwise transferred, to Defendant for collection. Thereafter, Defendant began contacting Plaintiff in attempt to collect upon the Debt.

18. On or around May 25, 2021, Defendant sent Plaintiff an email notifying Plaintiff of the change in account ownership and attempting to collect on the Debt on behalf of the current creditor, Crown Asset Management, LLC ("CAM").

19. The May 25, 2021 email was a "communication" pursuant to 15 U.S.C. § 1692a(2).

20. On June 1, 2021, Plaintiff sent Defendant a letter via fax requesting validation, verification and proof of the Debt (the "Dispute").

21. Despite Plaintiff sending the Dispute via fax to Defendant, Defendant decided to move forward with collection attempts against Plaintiff without validating the alleged debt. Specifically, Defendant sent an email to Plaintiff on June 23, 2021, on behalf of CAM attempting to collect the Debt.

22. Additionally, without providing any validation or proof of the Debt to Plaintiff, Defendant sent Plaintiff another email on June 30, 2021 attempting to collect on the Debt.

23. Defendant continued to contact Plaintiff attempting to collect on the Debt, including but not limited to email communication throughout the months of July, August, September, October, November and December of 2021 and January of 2022.

24. Specifically, Defendant sent Plaintiff an email on July 14, 2021, August 25, 2021, September 1, 2021, September 8, 2021, September 29, 2021, October 6, 2021, October 20, 2021, October 27, 2021, November 17, 2021, November 24, 2021, December 15, 2021, December 22, 2021, December 29, 2021.

25. On January 5, 2022, Defendant sent Plaintiff an email attempting to collect on the Debt. The email also stated "Debtsy is changing our name to 'January' on January 12th, 2022."

26. Thereafter, Defendant began contacting Plaintiff as "January Technologies, Inc."

27. Specifically, Defendant sent Plaintiff an email on January 19, 2022 and January 26, 2022 attempting to collect on the Debt.

28. Defendant never provided Plaintiff with the requested validation, verification, and/or proof of the Debt as requested in Plaintiff's Dispute.

29. Defendant's failure to validate Plaintiff's alleged debt before continuing to attempt to collect on the alleged debt violated 15 U.S.C. § 1692g(b).

30. Moreover, 15 U.S.C. § 1692d provides: "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

31. Here, Defendant's continued collection without regard to Plaintiff's Dispute was harassing and abusive.

32. Due to Defendant's ongoing violations of the law, Plaintiff was required to bring this action to finally resolve Plaintiff's disputes and ensure safeguards are put in place to protect Plaintiff from future unlawful debt collection practices and harassment.

## CAUSES OF ACTION
## COUNT I
## VIOLATION OF THE FDCPA
## 15 U.S.C. §§ 1692 et seq.

33. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

34. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq*. Defendant's failure to validate the debt to Plaintiff violated 15 U.S.C. § 1692g(b) and 15 U.S.C. § 1692d.

35. As a result of Defendant's violations of 15 U.S.C. § 1692 et seq., Plaintiff is entitled up to $1,000 in statutory damages and actual damages, in addition to reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against

Defendant, and that Plaintiff be awarded damages from Defendant, as follows:

- An award of $1,000 in statutory damages to Plaintiff for each and every violation of 15 U.S.C. § 1692 by Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of actual damages to Plaintiff for each and every violation of 15 U.S.C. § 1692 *et seq*. by Defendant, pursuant to 15 U.S.C. § 1692k(a)(1);
- Pre-judgment and post-judgment interest;
- An award of costs of litigation and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other further relief that the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

36.     Pursuant to the Seventh Amendment of the Constitution of the United States of America, Plaintiff demands a trial by jury of any and all triable issues.

Dated: June 3, 2022                                      Respectfully submitted,

BY: /s/ RYAN L. MCBRIDE
    RYAN L. MCBRIDE, ESQ.
    TRIAL COUNSEL FOR PLAINTIFF

Mike Kazerouni
**Kazerouni Law Group, APC**
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808

Facsimile:  (800) 520-5523
mike@kazlg.com

Ryan L. McBride
**Kazerouni Law Group, APC**
4455 E. Camelback Road, Suite C250
Phoenix, AZ 85018
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523
ryan@kazlg.com